[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12103

Non-Argument Calendar

_____

CANDAMEIA BENDER,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF DEFENSE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:19-cv-00355-TES

_____

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Candameia Bender appeals the district court's grant of the Secretary of the Department of Defense's ("DOD") motion to dismiss her amended complaint ("complaint") for failure to state a claim. She argues that her request to be reassigned or transferred to another worksite was a reasonable accommodation under the Rehabilitation Act of 1973. After careful review, we agree with the district court that it was not and thus affirm.

## I.    BACKGROUND[1]

Bender sued the DOD under the Rehabilitation Act for failure to provide her a reasonable accommodation.[2] Bender's complaint alleged that the DOD employed her in its Defense Commissary Agency ("DCA") for around five years. In September 2017, she

---

[1] Given our standard of review on a motion to dismiss, we recite the facts in the light most favorable to Bender. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (explaining that when reviewing the dismissal of a pleading on a motion to dismiss for failure to state a claim on which relief may be granted, we accept as true the well-pleaded facts in the pleading).

[2] Bender asserted additional claims for (1) racial harassment, (2) sexual harassment, (3) retaliation, in violation of Title VII of the Civil Rights Act of 1964; and (4) failure to pay overtime, in violation of the Fair Labor Standards Act. These claims are irrelevant to this appeal, however, because the parties ultimately entered into a settlement agreement resolving them.

was promoted and relocated to the commissary at Robins Air Force Base as a Supervisory Store Associate.

In December 2017, Richard Martinez became the Customer Service Manager at the same commissary. Within three months of his arrival, his inappropriate behavior became an issue for Bender at work. For example, the complaint alleged, Martinez had scheduled Bender to work the closing shift even though it conflicted with her ability to provide care for her daughter, changed her schedule without notice, ensured that her area was understaffed, marked her absent when she had worked or taken appropriate leave, retroactively altered her timesheets, excluded her from meetings, refused to sign her leave slips, and required her to work extra hours but did not pay her overtime. The complaint also alleged that the store director, Susan Edmonds, refused to sign Bender's leave slips and caused her to work overtime without extra pay. Elsewhere—not under the reasonable-accommodation claim—the complaint alleged that Bender's "supervisor" engaged in some of these behaviors, such as changing her schedule to cause her to work overtime, retroactively changing her time sheet, and causing her area to be understaffed. Doc. 25 at 22–23.[3] But in those allegations, the complaint did not specify whether this "supervisor" was Martinez.

Bender eventually filed an Equal Employment Opportunity ("EEO") complaint, alleging that Martinez was creating a hostile work environment. She complained to a second-line supervisor,

---

[3] "Doc." numbers refer to the district court's docket entries.

Jack Verling, that Martinez's behavior created a hostile work environment. She also reported Martinez's behavior to Edmonds, but neither Edmonds nor Verling took any corrective action. The complaint alleged that the hostile work environment caused Bender anxiety and headaches. And, in the following months, the complaint alleged, Martinez's behavior escalated, causing Bender to have trouble sleeping and eating.

In September 2018, Bender's doctor recommended that she take a leave of absence until December 2018 under the Family Medical Leave Act ("FMLA") to treat her anxiety. The complaint alleged that Bender's "doctors also recommended that she receive a reasonable accommodation that should include not allowing Ms. Bender to return to th[e] [c]ommissary." *Id.* at 12. In December 2018, Bender was diagnosed with anxiety and major depressive disorder. Thereafter, she continued seeing a psychiatrist. After each visit, the psychiatrist provided a progress note, requesting that her leave without pay be extended because of the DOD's failure to provide a reasonable accommodation. The DOD extended her leave without pay status each time.

When Bender filed her complaint in April 2020, she had remained on leave without pay since September 2018. With respect to the Rehabilitation Act claim, the complaint alleged that the DOD failed to provide Bender a reasonable accommodation, "including a reassignment or transfer to a different store," or consider what reasonable accommodation would be appropriate. *Id.* at 14.

21-12103                Opinion of the Court                5

The DOD moved to dismiss the Rehabilitation Act claim. It argued that Bender's requested accommodation was a request for reassignment to new supervision, which was not a reasonable accommodation as a matter of law.

The DOD attached several documents to its motion, including a December 2018 medical form completed by Bender's doctor related to Bender's FMLA leave. Her doctor recommended that she "be reassigned to a conveniently located but different work environment within the Agency without supervision of present management." Doc. 28-4 at 3.

The district court dismissed Bender's claim under the Rehabilitation Act for failure to state a claim.[4] The district court noted that it may consider the documents attached to the DOD's motion to dismiss without converting the motion into one for summary judgment because (1) the documents were central to Bender's claims, and (2) Bender did not object to or challenge the use of the documents. The court noted that the parties agreed that Bender was disabled and a qualified individual under the Rehabilitation

_____

[4] Bender moved for a preliminary injunction, asking the court to order DCA to engage in the interactive process to provide her a reasonable accommodation. The district court denied the motion in the same order in which it granted the DOD's motion to dismiss. The district court also construed Bender's complaint to raise a claim for failure to engage in the interactive process and dismissed it. Because Bender failed to challenge the denial of her preliminary injunction or sufficiently challenge the denial of her interactive-process claim, she has abandoned these arguments. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014).

Act. The court concluded, however, that Bender nonetheless failed to state a claim for failure to accommodate under the Act. The court reasoned that transfer from an incompatible supervisor was not a reasonable accommodation as a matter of law. It found that Bender's requested accommodation was for the DOD to transfer or reassign her to place her under different supervision.

This is Bender's appeal.

## II.    LEGAL STANDARD

We review *de novo* the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6). *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). When we review a Rule 12(b)(6) dismissal, we review the complaint in the light most favorable to the plaintiff, and the complaint's well-pleaded facts are accepted as true. *Id.* Although a complaint need not contain detailed factual allegations, it must include enough facts to state "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When analyzing a motion to dismiss, we do not ordinarily consider anything beyond the complaint or documents attached to the complaint. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). There is an exception, however, "in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Id.*

21-12103                Opinion of the Court                7

## III.    DISCUSSION

In Bender's counseled brief on appeal, she argues that the complaint alleged a prima facie case of discrimination for failing to accommodate her disability. She argues that the district court applied the incorrect legal standard by ignoring what the complaint alleged and accepting the DOD's mischaracterizations of the allegations as true. Bender asserts that she did not request an accommodation to be moved from an incompatible supervisor but instead a reassignment to a vacant position. And, she contends, the complaint did not allege that Martinez was the sole source of her problems or that he was her supervisor. In her reply brief, citing the documents attached to the DOD's motion to dismiss, Bender asserts that the district court improperly dismissed her Rehabilitation Act claim based entirely on matters outside of her complaint. For the reasons that follow, we reject Bender's arguments.

Under the Rehabilitation Act,[5] an entity receiving federal funds—such as the DOD—may not discriminate against an employee because of her disability. 29 U.S.C. § 791(f); *see* 42 U.S.C. § 12112(a). Discrimination against a disabled employee includes "not making reasonable accommodations to the known physical or

---

[5] The Rehabilitation Act expressly adopts the Americans with Disabilities Act's ("ADA") provisions and standards for determining violations of the law. 29 U.S.C. § 794(d). We therefore cite directly to the ADA and apply our precedents interpreting that statute. *See Cash v. Smith*, 231 F.3d 1301, 1305 n.2 (11th Cir. 2000) ("Cases decided under the Rehabilitation Act are precedent for cases under the ADA, and vice-versa.").

mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business." 42 U.S.C. § 12112(b)(5)(A). "Thus, an employer's failure to reasonably accommodate a disabled individual *itself* constitutes discrimination under the [Act] so long as that individual is 'otherwise qualified,' and unless the employer can show undue hardship." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1262 (11th Cir. 2007) (quoting 42 U.S.C. § 12112(b)(5)(A)).

To state a claim for failure to accommodate under the Rehabilitation Act, the plaintiff must allege that: (1) she is disabled; (2) she was a "qualified individual" at the relevant time, meaning she could perform the essential functions of the job in question with or without reasonable accommodations; and (3) she was discriminated against by the defendant's failure to provide a reasonable accommodation. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001).

An accommodation is reasonable if it enables the employee to perform the essential functions of the job. *Id.* A "reasonable accommodation" may include job restructuring; modified work schedules; reassignment to a vacant position; acquisition or modification of equipment; appropriate adjustment or modifications of examinations, training materials, or policies; and other similar accommodations for individuals with disabilities. 42 U.S.C. § 12111(9). But "a transfer of an employee from an incompatible

supervisor is not a reasonable accommodation." *D'Onofrio v. Costco Wholesale Corp.*, 964 F.3d 1014, 1024 (11th Cir. 2020) (alterations adopted) (internal quotation marks omitted). The plaintiff ultimately has the burden to demonstrate that an accommodation exists and that it is reasonable. *Terrell v. USAir*, 132 F.3d 621, 624 (11th Cir. 1998).

As an initial matter, Bender forfeited any argument that the district court erred in considering the documents attached to the DOD's motion to dismiss her claim. To the extent she attempted to raise this argument in her counseled initial brief, she did so in a perfunctory manner without supporting authority. It was not until her reply brief that she made the argument in more than a perfunctory manner and cited authority in support. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see also United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) ("As for reply briefs, this Court follows this same rule and repeatedly has refused to consider issues raised for the first time in an appellant's reply brief.").

Moreover, even if Bender had not forfeited the argument, the district court correctly determined that her complaint failed to state a claim for failure to accommodate under the Rehabilitation Act. Although the district court failed to consider one of the *Stephens* factors in relying on the documents attached to the DOD's motion to dismiss, the court properly considered the December 2018 medical form in which Bender's doctor recommended that she "be reassigned to a conveniently located but different work

environment within the Agency without supervision of present management." Doc. 28-4 at 3. Consistent with *Stephens*, Bender referred to the doctor's recommendation in her complaint, *see* Doc. 25 at 12; the doctor's recommendation was central to her claim; she did not dispute the contents of the medical form, and the DOD attached the document to its motion to dismiss. *See Stephens, Inc.*, 500 F.3d at 1284; *see also Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below.").

The allegations in Bender's complaint, considered alongside her doctor's recommendation, show that she was requesting to transfer to a different worksite to have a different supervisor, which is not a reasonable accommodation as a matter of law. *See D'Onofrio*, 964 F.3d at 1024. The complaint alleged that Bender requested a reassignment from a hostile environment created by individuals who inconveniently or improperly changed her schedule, ensured that her area was understaffed, marked her absent when she worked or took approved leave, retroactively altered her timesheets, excluded her from meetings, and required her to work extra hours but did not pay her overtime. Whether the complaint was referring to Martinez, Verling, or Edmonds, the allegations and Bender's doctor's recommendation show that she requested a transfer because of an incompatible supervisor. Thus, Bender failed

to state a claim for failure to accommodate under the Rehabilitation Act. *See Lucas*, 257 F.3d at 1255.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal for failure to state a claim.

**AFFIRMED.**